W. J. SPERRY, Respondent, v. NORTH RIVER INSURANCE COMPANY, a Corporation, Appellant.

(206 N. W. 230.)

**Insurance — plaintiff, suing on tornado policy, not required to show that materials in building could not be advantageously used.**

In an action upon a tornado insurance policy, limiting the insurance to the cash value of the property at the time of the loss but not beyond the sums insured, and reserving to the insurance company the right to take all or any part of the articles damaged at their ascertained or appraised value, and to repair, rebuild or replace the property damaged or destroyed, it is *held* not to be incumbent upon the plaintiff to show that the materials in the building could not be advantageously used.

Opinion filed November 13, 1925.

Cyclone and Tornado Insurance, 17 C. J. § 10 p. 695 n. 28.

Appeal from the District Court of Burleigh County, *Jansonius,* J. Affirmed.

*Lawrence, Murphy & Nilles,* for appellant.

*Crum & Crum,* for respondent.

BIRDZELL, J.   This is an appeal from a judgment in favor of the plaintiff in an action upon a tornado insurance policy. The plaintiff sued as assignee of the claim of one Mathew W. Michelsen, who was the owner of the property alleged to have been destroyed and the one who effected the insurance thereon.  It is first argued on this ap-

peal that there is no competent evidence of loss or damage. There is clearly no merit in this contention. There is ample testimony that the barn was practically destroyed, and there is ample testimony as to the value of the materials and the value of the building. In fact it is admitted that there is evidence to go to the jury as to what the barn was worth before it was damaged, but it is said that there is no evidence to show the value of what remained or that what remained could not be used. The policy places the limit of the insurance at "the cash value of the property at the time of the loss" but not beyond the sums insured, and the company reserves the right, if it so elect, to take all or any part of the articles damaged at their ascertained or appraised value; also, to repair, rebuild or replace any property damaged or destroyed, and it is provided that there can be no abandonment to the company of the property insured. We think under these policy provisions it was not incumbent upon the plaintiff to prove that the material in the building destroyed could not be advantageously used, nor, in our opinion, is he restricted to the cost of repair or replacement of the property damaged, using the damaged materials. If this measure were advantageous to the defendant, it is reasonable to suppose that it would have availed itself of its right to elect to rebuild.

It is argued that the defendant is not liable for more than its pro rata share of $2,000. This is based upon the fact that after the loss the insured talked with an adjuster and they practically agreed upon the payment of $2,000 as damages. Inasmuch as there was another policy upon the property, which did not enter into the negotiations at the time, it is claimed that the loss for which the defendant would be liable under the prorating clause would be a little more than half of the agreed damage. But it stands admitted on the record that the loss was never settled on the basis of this adjustment, so, at most, the attitude of the insured at such time constitutes merely an admission which is not conclusive.

It is further argued that error was committed in permitting a witness to testify to declarations made by an adjuster as tending to establish his authority to adjust this loss for the defendant company, and reliance is had upon the familiar rule that the authority of an agent can not be established by his unsworn declarations. We think, in view of the fact that similar declarations had been previously ad-

mitted, and the further fact that there seemed to be no serious issue of fact at the trial as to the agency of the adjuster, the defendant was in no way prejudiced by the admission of any incompetent declaration. We have examined the evidence and are satisfied that on the whole a fair trial has been had and that no prejudicial error was committed. The defendant admits that it is liable and only questions the amount of the recovery. We think the judgment is amply supported by the evidence.

Judgment affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE, and JOHNSON, JJ., concur.